IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  5:10cr39/MW/EMT
                5:16cv189/MW/EMT

FLORENCIO BARRIOS-HERNANDEZ

## **REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's amended "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 418) and the Government's response in opposition thereto (ECF No. 425). Defendant did not file a reply, despite having been afforded the opportunity to do so (*see* ECF No. 420). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a review of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied. *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

PROCEDURAL BACKGROUND

On June 22, 2010, Defendant Florencio Barrios-Hernandez was charged in two counts of a six-count indictment with possession of a firearm in and affecting interstate and foreign commerce by an illegal alien in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(A)(2) and 2 ("Count Five"), and conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 ("Count Six") (ECF No. 74). Defendant pleaded guilty as charged (ECF Nos. 170-172).

In the Presentence Investigation Report ("PSR"), Defendant was held accountable for 9,385.75 kilograms of marijuana equivalent, yielding a base offense level of 34 (ECF No. 214, PSR ¶¶ 86, 92). Defendant also received two, two-level, upward adjustments because a firearm was possessed during the conspiracy and because the offense involved the importation of methamphetamine, as well as a three-level downward adjustment for acceptance of responsibility (PSR ¶¶ 93, 94, 99). There were no Chapter Four enhancements, and his total offense level was 35 (PSR ¶¶ 101, 102). Defendant's criminal history category was I. The applicable guidelines range was 168 to 210 months (PSR ¶ 126).

On November 3, 2010, the court sentenced Defendant to the statutory maximum term of 120 months' imprisonment as to Count Five and 189 months' imprisonment as to Count Six, with the sentences to run concurrently (ECF No. 234). Defendant did not appeal.

On July 23, 2015, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines, the court reduced Defendant's sentence on Count Six from 189 months to 152 months' imprisonment (ECF Nos. 390, 405).

Defendant filed what the court construed as a § 2255 motion pursuant to the prison mailbox rule on June 22, 2016 (ECF No. 414 at 2). He amended his motion pursuant to court order, and it is the amended motion which is currently pending before the court (ECF No. 418). Defendant raises two arguments in his motion. First, he claims that he is entitled to sentencing relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Second, he claims that he is entitled to a sentence reduction because of an amendment to the sentencing guidelines regarding "Unlawful Receipt, Possession or Transportation of Firearms and Ammunition." The Government opposes the motion.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3). The judgment in Defendant's case became final on November 17, 2010, when the time for filing an appeal expired. Therefore, the one-year limitations period expired on November 17, 2011. Defendant's motion dated June 22, 2016, is, therefore, facially untimely.

Defendant asserts that his motion is timely because it was filed within one year of the Supreme Court's decision of June 26, 2015, in *Johnson v. United States*, a case the Court held to be retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii), finding that the provision was unconstitutionally vague. Defendant was not sentenced under the ACCA, and thus this holding is irrelevant to Defendant's case

and provides no basis for sentencing relief, or for extending the statute of limitations on unrelated claims.

Defendant's second claim is purportedly based on an amendment to the Sentencing Guidelines with an effective date nearly six months after he filed his initial motion (ECF No. 418 at 5). In its response, the Government notes that it does not know what guidelines amendment Defendant means to reference, and it has no knowledge of any such amendment that has been made retroactive by the Sentencing Commission. Furthermore, even if such an Amendment had been promulgated, the appropriate avenue for relief would be to file a motion under 18 U.S.C. § 3582(c)(2), as Defendant previously did when he sought relief under Amendment 782 (*see* ECF No. 390).

Conclusion

Defendant has not shown that either of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit or that an evidentiary hearing is warranted. Therefore, his amended motion should be denied in its entirety.

Case Nos.: 5:10cr39/MW/EMT; 5:16cv189/MW/EMT

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Case Nos.: 5:10cr39/MW/EMT; 5:16cv189/MW/EMT

Based on the foregoing, it is respectfully **RECOMMENDED**:

1.   Defendant's amended "Motion to Vacate, Set Aside, or Correct Sentence" (ECF No. 418) be **DENIED**.

2.   A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of October 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:10cr39/MW/EMT; 5:16cv189/MW/EMT